UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ARMANDO CUEVAS and HEATHER BURLETTE,<br><br>        Plaintiffs,<br><br>   v.<br><br>EL DORADO COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants. | 2:04-CV-2092-MCE-GGH<br><br>MEMORANDUM AND ORDER |

On February 13, 2006, this Court granted summary judgment in favor of El Dorado County Sheriff's Office ("Defendant El Dorado County"), Sheriff Jeff Neves, Officer Brian Golmitz ("Defendant Supervisors") Officer Jon De Roco, Officer Richard Horn, Officer Michael Cook, and Officer Christopher Starr ("Defendant Officers")(collectively "Defendants") on ground that Defendants did not violate Plaintiff Armando Cuevas ("Cuevas") or Plaintiff Heather Burlette's ("Burlette")(collectively "Plaintiffs") civil rights during the course of entering Plaintiffs' home and ultimately arresting Cuevas for battery on a

1

peace officer.[1]  The Court granted Defendants' Motion for Summary Judgment finding that qualified immunity protected Defendants from Plaintiffs' claims of unreasonable search and seizure under the Fourth Amendment.  In addition, the Court found no violation of due process and no violation of Plaintiffs' right to be free from self-incrimination under the Fifth Amendment.  Lastly, the Court elected not to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and, accordingly, dismissed those claims without prejudice.  Pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, Defendants are now seeking attorney's fees and costs expended in defense of Plaintiffs' claims in an amount of $68,434.72.  For the reasons explained below, Defendants' Motion for Attorney's Fees is denied.

**ANALYSIS**

A prevailing defendant is entitled to attorney fees under 42 U.S.C. § 1988 only when the plaintiff's claims are "groundless, without foundation, frivolous, or unreasonable." *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987).  Section 1988 provides for the award of attorney fees in any action or proceeding to enforce specific federal statutes including § 1983.  A case may be deemed frivolous only when the "result is obvious or the ... arguments of error are wholly without merit." *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)(citation omitted).

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1      Contrary to Defendants' contention, the Court finds that the
2  claims brought in this case were far from groundless or without
3  foundation.  In fact, when suit was brought in this matter, the
4  law surrounding parole related searches was unsettled.  *See*
5  *Motley v. Parks*, 432 F.3d 1072, 1075 (9th Cir. 2005).  It was
6  only after the matter was submitted that the Ninth Circuit
7  clarified the probable cause standard in parole related searches
8  for purposes of the Fourth Amendment.  *Id.*  While the Court
9  rejected Plaintiffs' claims on various grounds, Defendants fall
10 far short of establishing an entitlement to attorney's fees and
11 costs in this case.
12     In addition, the Court finds Defendants' argument that equal
13 protection demands a contrary result unavailing.  Defendants
14 contend that, as prevailing Defendants, they are deprived of
15 equal protection by the "automatic denial of attorney's fees."
16 The denial of attorney's fees in this case is not "automatic,"
17 but rather is a result of Defendants' failure to show Plaintiffs'
18 claims were groundless, frivolous or unreasonable.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Attorney's Fees and Costs is denied.

IT IS SO ORDERED.

DATED: May 17, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4